UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | |
| | MDL NO. 3126 |
| This document relates to:<br><br>All actions. | |

**PLAINTIFFS' MOTION TO APPOINT CO-LEAD COUNSEL**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Marc Reichbart, Alexis Morgan, Lori Young, Kimberly Blake, Lumibia Dunham, Serena Chapman, and Christine Dickey-Johnson (collectively, "Plaintiffs") respectfully request that the Court appoint Paul Doolittle as one of the Co-Lead Counsel ("Proposed Co-Lead Counsel"), to assist in leading this litigation on behalf of the putative class. Proposed Co-Lead Counsel has significant nationwide consumer class action experience, knowledge of the applicable law, and substantial resources that can be used to litigate this matter.

**BACKGROUND**

This class action arises out of Snowflake's ("Defendant") failure to secure its cloud storage systems, enabling third party criminals to access and misuse highly sensitive Private Information from Snowflake's cloud storage and systems. Snowflake provides digital warehouses, known as "Snowflake Data Clouds," for its thousands of clients around the world, and as a result has access to, stores, and maintains huge datasets of Private Information of its corporate clients' customers and employees. For the purposes of this action, Snowflake's corporate clients are entities that contracted with Snowflake to store confidential files of their customers and employees.

1

Snowflake's corporate clients include, but are not limited to, AT&T, Ticketmaster, Neiman Marcus, Advance Auto Parts, and many others. Snowflake's corporate clients paid a fee to Snowflake for Snowflake's data cloud storage and services. The fee was at least in part paid to maintain security features surrounding Snowflake's data storage. As a result, Snowflake was required to secure its cloud storage systems, on which its corporate clients stored sensitive information and files containing Private Information of millions of individuals – their customers and employees. (Plaintiffs).

Plaintiffs bring this class action lawsuit against Snowflake for its failure to properly secure and safeguard Plaintiffs' personal identifiable information, failing to address Defendant's inadequate data protection practices and for failing to provide timely and adequate notice of the Data Breach. As a result of Snowflake's inadequate security and breach of their duties and obligations, the Private Information of Plaintiff and Class Members was compromised through disclosure to an unauthorized criminal third party – the sensitive files of millions of individuals were posted on dark web for sale to other criminals. Plaintiffs' complaints asserted claims for: (1) negligence/negligence per se; (2) breach of implied contract; (3) unjust enrichment; (4) invasion of privacy; and (5) violation of Florida's Deceptive & Unfair Trade Practices Act. Defendant is on notice of Plaintiffs' claims and has failed to take the steps necessary to correct its conduct.

Prior to the consolidation of all claims arising out of the Snowflake Data Breach into MDL No. 3126, Proposed Co-Lead Counsel filed several proposed class complaints against Neiman Marcus, Ticketmaster, and AT&T Mobility, LLC on behalf of customers of said companies whose data was accessed as a result of the Snowflake breach. Proposed Co-Lead Counsel was first to file a Motion to Consolidate the claims against AT&T Mobility, LLC, with said claims being consolidated into MDL No. 3124 as a result of Proposed Co-Lead Counsel's efforts. Proposed

Co-Lead Counsel personally participated in hearings before the JPML in Nashville, Tennessee arguing in favor of consolidation of MDL No. 3124 into MDL No. 3126.

## ARGUMENT

### I. THE COURT SHOULD APPOINT CO-LEAD COUNSEL

Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court under Rule 23(g)(3) of the Federal Rules of Civil Procedure for an Order appointing Paul Doolittle of Poulin Willey Anastopoulo ("PWA") as one of the co-lead counsel.

Proposed Co-Lead Counsel represents the experience, talents, and resources of recognized and successful class action attorneys in the United States with a demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Co-Lead Counsel should be appointed based on his and his firm's extensive knowledge, experience, and recognition in class action litigation. The qualifications and experience of Mr. Doolittle and his firm are set forth in the accompanying counsel declaration ("Doolittle Decl.") and firm resumes.

Collectively, Proposed Co-Lead Counsel and his partners have led dozens of consumer class actions, including the largest and most successful of such cases to date, as well as dozens of class actions across the United States. The group includes attorneys who independently investigated and thoroughly analyzed the merits of the case prior to filing their own complaints. Together, Proposed Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner with all plaintiffs' counsel as well as defense counsel, as they have done in numerous other cases.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[1] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

     **A.**     **The Work Counsel Has Done.**

Proposed Co-Lead Counsel and his law firm have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation, researching the potential legal theories and claims at issue. Doolittle Decl. ¶11. Proposed Co-Lead Counsel conducted a thorough investigation of the cybersecurity lapses that gave rise to this class action. Doolittle Decl. ¶ 12. He prepared and filed a detailed complaint, reviewed and analyzed articles discussing Defendant's challenged conduct, reviewed and analyzed Defendant's website and privacy policies, conducted dark web searches to determine whether the data involved in this

---

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

breach has been misused, interviewed consumers affected by the data breach, researched legal claims, investigated the adequacy of the named Plaintiff to represent the putative class, drafted and filed initial pleadings, and filed the present motion. Doolittle Decl. ¶ 13.

Proposed Co-Counsel was also a leading figure in the related MDL No. 3124, regarding the data breach of AT&T Mobility, an additional Snowflake MDL. Proposed Co-Lead Counsel filed the initial Petition to Transfer to the JPML, which resulted in the successful organization of MDL No. 3124. Proposed Co-Counsel also participated in hearings in Nashville, Tennessee before the JPML regarding MDL No. 3124 and No. 3126, and advocated for the transfer of all cases in MDL NO. 3124 to MDL No. 3126. Proposed Co-Lead Counsel and his firm continues to perform substantial work that has been (and will be) valuable to the class as the case moves forward. Doolittle Decl. ¶ 14. Proposed Co-Lead Counsel has conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue devoting the substantial effort and resources (including the advancement of costs) necessary for advancing Plaintiffs' and Class Members' claims.

B.     **Counsel's Experience and Knowledge**

Since the filing of the complaint, Proposed Co-Lead Counsel has actively continued efforts to pursue the interests of the proposed Class in this case and to advance the litigation, having researched the federal regulations that govern Defendant's obligations to properly protect personal information, and communicated internally amongst Plaintiffs' counsel regarding the most efficient manner to organize this litigation. Doolittle Decl. ¶ 15. Proposed Co-Lead Counsel is thus familiar with the facts and legal issues in this matter based upon their detailed investigation. *Id*.

Proposed Co-Lead Counsel has proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues

critical to this case. Proposed Co-Lead Counsel will work well together (which is important for a cohesive, effective team), but is also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, Proposed Co-Lead Counsel has extensive knowledge and expertise in prosecuting consumer class action claims and deep expertise in applicable law.

In addition, the Firm regularly handles cases throughout the country and employs nearly fifty (50) attorneys who are collectively licensed to practice in over a dozen state and federal bars across the country including Georgia, North and South Carolina, California, Washington D.C., Florida, , Mississippi, Alabama, Illinois and others.

The Firm's founding member, Akim Anastopoulo, has been representing Plaintiffs for the majority of his over 30 years of practice, and has extensive experience in mass and class actions. Mr. Anastopoulo and his Firm represented over 500 potential claimants in the *In Re: Vioxx Products Liability Litigation*, 2:05-md-01657-EEF-DEK. Likewise, the Firm represented over 1,000 claimants in the *In Re Baycol Prods.. Liab.. Litig.*, MDL No. 1431, Case No. 02-0160 (MJD/SRN) and State Actions Consolidated Under THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT Master File No.: 2002-CP-43-1041, where Mr. Anastopoulo served as lead counsel on two state bellwether cases.

Mr. Anastopoulo also served as joint lead counsel on multiple state cases that were eventually consolidated to a state class action regarding *In Re OxyContin Products Liability Class Action*, and served as sole lead counsel in South Carolina's first opioid state action, *Ken Love, et al* Civil Action No.: O1-CP-38-1059 (SC) vs. *Purdue Pharma A, L.P, et. al.*

Mr. Anastopoulo also served on the Daubert Submissions committee for the Thimerosal Litigation MDL and represented hundreds of individual clients in *In Re Diet Drugs (Phentermine,*

*Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.,* 2000 U.S. Dist. LEXIS 12275, *47-48 (D. Pa. 2000).

Recently, the Firm has been one of the leading firms in the country with regard to litigation against universities across the country seeking tuition and fee reimbursement for students who were not given the benefit of their bargain when college campuses were closed across the country in the spring of 2020 due to the COVID-19 pandemic. As set forth in more detail below, the Firm has been named lead or co-lead counsel in several of these COVID tuition cases, and the Firm, as lead counsel, has negotiated multi-million dollar class settlements in several of these cases[2]

### 1.    Paul Doolittle of PWA

Proposed Co-Lead Counsel Paul Doolittle is the Director of the Class Action and Mass Tort Division at Poulin Wiley Anastopoulo ("PWA"), a position he has held since 2022. Mr. Doolittle is an experienced trial attorney who has been recognized for his courtroom skills and verdicts. Mr. Doolittle attended the University of South Carolina for his legal education where he graduated in the top 20% of his class. After law school, Mr. Doolittle worked at Foster & Foster handling a vast array of cases from auto accidents to complex automobile dealer buy/sell transactions. After gaining experience in and out of the courtroom, Mr. Doolittle joined Motley Rice where he eventually became partner. Mr. Doolittle co-chaired the firm's Catastrophic Injury

---

[2] *Ford v. Rensselaer Polytechnic Inst.,* 1:20-cv-00470 (N.D.N.Y); *Ninivaggi, et al. v. University of Delaware;* 20-cv-1693 (D. Del); *Qureshi v. American Univ.,* 1:20-cv-01141 (D.D.C.); *Gustavson v. Catholic Univ. of America,* 1:20-cv-cv-01496 (D.D.C.)

Group, which was started to handle the firm's most complex and high damage cases at the firm. He still holds the highest verdict ever received in a Minnesota asbestos trial.

Since joining PWA, Mr. Doolittle has taken the experience he gained over the years from the most complex actions before the courts across this country. Mr. Doolittle also has substantial experience in the misrepresentation field, securing settlements and litigating cases for affected persons. Mr. Doolittle is blessed with a large staff of other attorneys and support staff at PWA that will assist in the litigation of this action throughout all phases. Mr. Doolittle has shown he can handle the most complex of cases and work alongside some of the biggest players in the litigation field today, including co-counsel to this current action. Mr. Doolittle is well-equipped to lead this matter on behalf of the class. Mr. Doolittle has served and/or is currently serving as co-lead counsel in the following actions:

*Bergeron v. Rochester Inst. of Tech.*, 6:20-cv-06283 (W.D.N.Y.)

*Faber v. Cornell Univ.*, 3:20-cv-00467 (N.D.N.Y.)

*Ford v. Rensselaer Polytechnic Inst.*, 1:20-cv-00470 (N.D.N.Y)

*In re Univ. of Miami COVID-19 Tuition and Fee Refund Litig.*, 20-cv60851 (S.D. Fla.)

*Levin v. Bd. Of Regents of Univ. of Colorado*, 20CV31409 (St. Ct. Denver Co.)

*Gustavson v. Catholic Univ. of America*, 1:20-cv-cv-01496 (D.D.C.)

*Qureshi v. American Univ.*, 1:20-cv-01141 (D.D.C.)

*Ryan v. Temple Univ.*, 5:20-cv-02164 (E.D. Pa.)

*Hernandez v. Illinois Institute of Technology*; 1:20-cv-03010 (N.D. Ill)

*In re: Columbia College Rankings Action*; 1:22-cv-05945 (S.D. NY)

*Smith v. Univ. of Pennsylvania*; 2:20-cv-02086 (E.D. Pa.)

**C.** **Counsel's Resources**

Proposed Co-Lead Counsel has ample resources to prosecute this litigation, from discovery through motion practice, trial, and appeals. *See* Duke Guidelines at 39 (Best Practice 3C(iii)) (stating in part that applicants should "provide information about the resources they have available to contribute to the litigation"). Importantly, as with experience, Proposed Co-Lead Counsel's resources are significant. For example, Proposed Co-Lead Counsel's firm has litigated multiple class action lawsuits against the largest institutions and have set in motion industry-altering practice changes in favor of consumers. Proposed Co-Lead Counsel's resources also include substantial expertise and work-product, which were developed in other similar/analogous cases that will benefit Plaintiffs and the proposed class that they seek to represent. This repository of information will help streamline the litigation.

Poulin Willey employs approximately fifty (50) attorneys. In addition, Poulin Willey is among the remaining few firms nationally that regularly tries cases to verdict. For this purpose, the Firm employs four full time investigators and maintains an internal focus group and mock trial program that allow it to test and develop theories and case strategies from the outset. Poulin Willey Anastopoulo, LLC has never utilized third party litigation funding and is committed to self-funding all of these cases on behalf of their clients. Poulin Willey is willing to commit whatever resources are necessary to adequately represent the Classes in this matter.

Proposed Co-Lead class counsel is willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiff. Doolittle Decl. ¶ 16. Mr. Doolittle and his firm has a proven track-record of success leading complex consumer class actions. Doolittle Decl. ¶17. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed

Co-Lead Counsel has already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. Doolittle Decl. ¶ 18.

Just as he has previously done, Proposed Co-Lead Counsel is committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. Doolittle Decl. ¶ 19. Poulin Willey Anastopoulo, LLC ("PWA") has already made significant investments of resources and time into the prosecution of these claims. *Id.* PWA possesses the resources to prosecute this case to a successful resolution and will do so here. *Id.*

While Proposed Co-Lead Counsel intends to litigate the case zealously, he is fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. To this end, Proposed Co-Lead Counsel has already considered how best to organize to effectively use its members' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

## **CONCLUSION**

The Court should appoint Paul J. Doolittle as one of the Co-Lead Counsel. In light of the extensive experience of Proposed Co-Lead Counsel's attorneys in prosecuting consumer class actions and the resources they can and will devote to the effective litigation of this case on behalf of the putative class, the Court should appoint Mr. Doolittle as one of the Co-Lead Counsel for these proposed consolidated actions.

Dated: November 7, 2024.

                                      Respectfully Submitted,

                                      /s/ Paul J. Doolittle
                                      Paul J. Doolittle (*pro hac vice forthcoming*)

**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Telephone: 803-222-2222
Paul.doolittle@poulinwilley.com


*Plaintiffs' Proposed Co-Lead Counsel*